UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DE IVORY SMITH AND MARLIE TRUJILLO<br><br>    Plaintiff,<br><br>vs.<br><br>MANHATTAN MANAGEMENT CO., LLC AND BERK-COHEN ASSOCIATES, LLC<br><br>    Defendant. | CIVIL ACTION NO.:<br><br>SECTION:<br><br>MAGISTRATE: |

**COLLECTIVE ACTION COMPLAINT**

NOW INTO COURT through undersigned counsel come Plaintiffs, De Ivory Smith and Marlie Trujillo, who represent as follows:

**INTRODUCTION**

1. This is a collective action brought by Plaintiffs De Ivory Smith and Marlie Trujillo ("Plaintiffs") on behalf of individuals who, since September 2011, previously worked or currently work for Defendants, Manhattan Management Co., LLC and Berk-Cohen Associates, LLC ("Defendants") as apartment dispatchers, life guards and/or security personnel known as "Unit 10" while they reside or resided on Defendants' premises and were compensated with "rent credits" but, through Defendants' use of "rent credits" to compensate them, were not properly paid overtime and/or minimum wage as mandated by the FLSA.

1

## JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce; and by 28 U.S.C. §1331, this action involving questions of federal law. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because it is where Defendants are subject to personal jurisdiction, where Defendants do business in the State of Louisiana, and where the unlawful acts complained of occurred.

## PARTIES

4. Named Plaintiffs herein are:

    (A) Plaintiff De Ivory Smith is a resident of Louisiana who resided in Defendants' Forest Isles complex and worked for Defendants as a dispatcher. She was paid solely in "rent credits" at a flat rate of pay that failed to take into account the number of hours she actually worked and whether she worked any overtime hours. When properly accounted for, Ms. Smith's hourly rate of pay while working for Defendants fell well beneath the federally-mandated minimum wage rate. In addition, Plaintiff Smith was not paid time and one half of what should have been her hourly rate for any hours she worked for Defendants in excess of 40 per week. Plaintiff Smith is aware that in addition to dispatchers, life guards and security personnel known as "Unit 10" were also paid in this

manner.

(B) Plaintiff Marlie Trujillo is a resident of Louisiana who resided in Defendants' Forest Isles complex and worked for Defendants as a dispatcher. She was paid solely in "rent credits" at a flat rate of pay that failed to take into account the number of hours she actually worked and whether she worked any overtime hours. When properly accounted for, Ms. Trujillo's hourly rate of pay while working for Defendants fell well beneath the federally-mandated minimum wage rate. In addition, Plaintiff Trujillo was not paid time and one half of what should have been her hourly rate for any hours she worked for Defendants in excess of 40 per week. Plaintiff Trujillo is aware that in addition to dispatchers, life guards and security personnel known as "Unit 10" were also paid in this manner.

5. Those persons who have not yet joined this action, but who, since September 2011, previously worked or currently work for Defendants while they reside or resided on Defendants' premises as apartment dispatchers, life guards or security personnel and were compensated with "rent credits" but, through Defendants' use of "rent credits" to compensate them, were not properly paid overtime and/or minimum wage as mandated by the FLSA are referred to as the "FLSA Collective Plaintiffs."

6. Made Defendants herein are:

   a. Manhattan Management Co., LLC, a New Jersey Company authorized to do and doing business in the state of Louisiana. Further, at all times material hereto, Defendant Manhattan Management Co., LLC was, and continues to be engaged in business in Orleans Parish, Louisiana.

    b. Berk-Cohen Associates, LLC, a Louisiana Company authorized to do and doing business in the state of Louisiana. Further, at all times material hereto, Defendant Berk-Cohen Associates, LLC was, and continues to be engaged in business in Orleans Parish, Louisiana.

    c. Upon information and belief, Berk-Cohen owns the apartment properties where Plaintiffs worked and Manhattan Management manages said properties. Both Defendants were aware of how Plaintiffs were scheduled and paid, exercised control over Plaintiffs and were indistinguishable to Plaintiffs and therefore are Plaintiffs' joint employers for the purposes of the FLSA.

    d. Defendants Manhattan Management Co., LLC and Berk-Cohen Associates, LLC will be referred to collectively as "Defendants."

## PLAINTIFFS ARE SUBJECT TO THE PROVISIONS OF THE FLSA

7. At all times material hereto, Plaintiffs and the FLSA Collective Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

8. At all times material hereto, Plaintiffs and the FLSA Collective Plaintiffs were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiffs and the FLSA Collective Plaintiffs were the "joint employees" of Defendants within the meaning of FLSA.

10. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

11. Based upon information and belief, the annual gross revenue of Defendants was in

excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, the work performed by the Plaintiffs and the FLSA Collective Plaintiffs was directly essential to the business performed by Defendants.

### FLSA COLLECTIVE ACTION ALLEGATIONS

13. All previous paragraphs are incorporated as though fully set forth herein.

14. Plaintiffs bring this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons in the United States, who, since September 2011, previously worked or currently work for Defendants as dispatchers or security personnel while they reside or resided on Defendants' premises and were compensated with 'rent credits' but, through Defendants' use of 'rent credits' to compensate them, were not properly paid overtime and/or minimum wage as mandated by the FLSA.

15. Plaintiffs bring this case as a collective action under the FLSA to recover unpaid minimum wage and/or overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and damages owed to Plaintiffs and all similarly situated employees of Defendants.

16. Plaintiffs estimate that there are dozens, if not hundreds, of members of the FLSA Collective Plaintiffs who have been affected by Defendants' improper policies and practices. Plaintiffs estimate that potential members of the FLSA Collective Plaintiffs number in the dozens, if not the hundreds, based upon the number of current employees of Defendants, the number of work locations maintained by Defendants, the Defendants' treatment of all of its employees in the same manner, and the turnover rate of Defendants' employees in the last three years. It would be impractical to join all of those employees and former employees in this action.

17. The precise number of FLSA Collective Plaintiffs can be easily identified and located using Defendants' timesheets, payroll, rent credit records and other personnel records. Given the composition and size of the FLSA Collective Plaintiffs, potential opt-in class members may be informed of the pendency of this Collective Action by direct mail.

18. This action is properly maintained as a collective action because Plaintiffs are similarly situated to the collective action members they seek to represent.

    (A)  Plaintiffs Smith and Trujillo and similarly situated employees were residents of Defendants' apartment complexes and who worked for Defendants as dispatchers were subject to the same job scheduling policies, payment practices, and operational procedures. Additionally, Defendants' willful policy or practice, whereby it has failed to pay these employees proper hourly compensation at a rate of pay equal to or greater than the federally-mandated minimum wage and has additionally failed to pay these employees federally-mandated overtime wages for all hours worked in excess of 40 per week, has affected Plaintiff Smith and Trujillo and similarly situated employees in the same fashion.

    (B)  Plaintiffs are personally aware that persons who resided on Defendants' premises and worked for Defendants as life guards and/or security personnel known as "Unit 10" were subject to the same job scheduling policies, payment practices and operational procedures. Additionally, Defendants' willful policy or practice, whereby it has failed to pay these employees proper hourly compensation at a rate of pay equal to or greater

than the federally-mandated minimum wage and has additionally failed to pay these employees federally-mandated overtime wages for all hours worked in excess of 40 per week, has affected Plaintiffs and the similarly situated life guard and "Unit 10" security employees in the same fashion.

(C) Although the number of hours worked by dispatchers, life guards and security personnel may differ, the payment scheme of paying resident employees a flat rate in rent credits, without regard to the hours they worked, is common to all resident employees who worked for Defendants as dispatchers, life guards and security personnel and the hours each employee worked should be readily determinable by review of Defendants' records.

(D) Accordingly, Plaintiffs Smith and Trujillo are in the best position to represent all members of the FLSA collective class as a whole.

19. In addition, because Defendants applied their unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Plaintiffs, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

20. Plaintiffs request that the Court authorize notice to the FLSA Collective Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid minimum wages and overtime compensation and liquidated damages under the FLSA.

**STATEMENT OF THE FACTS**

21. Defendants are in the business of operating apartment complexes throughout the United States, including complexes in the greater New Orleans area.

22. In September 2011, Plaintiff Smith was hired by Defendants to act as dispatcher for a flat rate of pay of $20 per night or $40 per weekend day and night, paid to her in the form of "rent credits." At that time, Plaintiff Smith was classified as Defendants' "employee."

23. Plaintiff Smith worked for Defendants at the Forest Isle apartment complex located on Woodlands Drive, New Orleans, Louisiana.

24. Plaintiff Smith worked for Defendants until October 2013.

25. While Plaintiff Smith was employed by Defendants, she lived on the apartment complex premises.

26. During Plaintiff Smith's tenure as a dispatcher employed by Defendants, Defendants exercised total control over the time, place and manner of Plaintiff's work. Plaintiff had no ability to control her schedule, the place or time she would work or who she would be working with during the time she spent working for Defendants. While she was working for Defendants, Plaintiff was forbidden from leaving the premises.

27. Defendants controlled the schedule, and time place and manner of the performance of job duties for all flat rate employees, including those who comprise the FLSA Collective Plaintiffs.

28. For the entire time she worked for Defendants, Plaintiff Smith worked 14 hours per night as a dispatcher approximately 4 or 5 nights a week for Defendants, for a flat rate of pay of $20.00, paid in the form of "rent credits." Plaintiff also worked on

weekends as a dispatcher for Defendants for a flat rate of $40.00 per 24-hour period, also paid in "rent credits." Plaintiff Smith was paid this amount without regard for the amount of hours she worked or the services she performed for Defendants.

29. In February 2012, Plaintiff Trujillo was hired by Defendants to act as dispatcher for a flat rate of pay of $20 per night or $40 per weekend day and night, paid to her in the form of "rent credits." At that time, Plaintiff Trujillo was classified as Defendants' "employee."

30. Plaintiff Trujillo worked for Defendants at the Forest Isle apartment complex located on Woodlands Drive, New Orleans, Louisiana.

31. Plaintiff Trujillo worked for Defendants until April 2012.

32. While Plaintiff Trujillo was employed by Defendants, she lived on the apartment complex premises.

33. During Plaintiff Trujillo's tenure as a dispatcher employed by Defendants, Defendants exercised total control over the time, place and manner of Plaintiff's work. Plaintiff had no ability to control her schedule, the place or time she would work or who she would be working with during the time she spent working for Defendants. While she was working for Defendants, Plaintiff was forbidden from leaving the premises.

34. For the entire time she worked for Defendants, Plaintiff Trujillo worked 14 hours per night as a dispatcher approximately 2 to 4 nights a week for Defendants, for a flat rate of pay of $20.00, paid in the form of "rent credits." Plaintiff also worked on weekends as a dispatcher for Defendants for a flat rate of $40.00 per 24-hour period,

9

also paid in "rent credits." Plaintiff Trujillo was paid this amount without regard for the amount of hours she worked or the services she performed for Defendants.

35. Defendants controlled the schedule, and time place and manner of the performance of job duties for all flat rate employees, including those who comprise the FLSA Collective Plaintiffs.

36. Other persons employed by Defendants as dispatchers, life guards and "Unit 10" security personnel who lived on Defendants' premises worked identical or substantially similar schedules for flat rates of pay, without regard to how many hours they worked, including those who comprise the FLSA Collective Plaintiffs.

37. Due to Defendants' willful scheme to pay Plaintiffs and similarly situated members of the FLSA Collective Plaintiffs in this manner, Plaintiffs and similarly situated employees were paid less than the federally-mandated rate of pay of $7.25 per hour. In addition, these employees, including Plaintiffs, were not paid overtime for their work for Defendants in excess of 40 hours per week.

38. Documentation concerning the number of hours actually worked by Plaintiffs Smith and Trujillo and other similarly situated employees and the compensation actually paid to Plaintiffs Smith and Trujillo and other similarly situated employees, including those who comprise the FLSA Collective Plaintiffs, should be in the possession and custody and control of Defendants.

39. Thus, Defendants have violated Title 29 U.S.C. §207 from at least December 2010 in that:

    a. Plaintiffs Smith and Trujillo and other employees who lived on Defendants' premises, including those who comprise the FLSA Collective Plaintiffs, were paid a flat

rate of pay per night, in the form of "rent credits" in exchange for performing dispatch and/or security guard services, and were consequentially not paid at an hourly rate of pay that was at least the federally-mandated minimum wage rate, nor were these employees paid federally-mandated overtime for hours worked in excess of 40 per week as provided by the FLSA; and

      b.    Defendants have failed to maintain proper time records as mandated by the FLSA for Plaintiffs and the FLSA Collective Plaintiffs.

40. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions with respect to Plaintiffs and the FLSA Collective Plaintiffs for reasons including but not limited to the fact that Defendants paid non-residents at a rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per workweek and paid non-residents at a rate of pay that was at least the federally-mandated minimum wage rate for each hour that they worked.

## CAUSES OF ACTION

### COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 *ET. SEQ.*

41. Plaintiffs re-allege and re-aver all previous paragraphs of the Collective Action Complaint as if fully set forth herein.

42. Plaintiffs Smith and Trujillo and the FLSA Collective Plaintiffs worked in excess of forty (40) hours per week for Defendants, but Plaintiffs and the FLSA Collective Plaintiffs were not compensated at the statutory rate of one and one-half times their regular rate of pay for these overtime hours.

43. Plaintiffs Smith and Trujillo and the FLSA Collective Plaintiffs were, and are,

entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

44. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiffs Smith and Trujillo and the FLSA Collective Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

45. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

46. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs Smith and Trujillo and the FLSA Collective Plaintiffs at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was and is due.

47. Defendants have failed to properly disclose or apprise Plaintiffs Smith and Trujillo and the FLSA Collective Plaintiffs of their rights under the FLSA.

48. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs Smith and Trujillo and the FLSA Collective Plaintiffs have suffered lost compensation for time worked over forty (40) hours per week and are entitled to be paid this amount, plus liquidated damages.

49. Plaintiffs Smith and Trujillo and the FLSA Collective Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II:  FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 *ET. SEQ.*

50. Plaintiffs re-allege and re-aver all previous paragraphs of the Collective Action Complaint as if fully set forth herein.

51. Plaintiffs Smith and Trujillo and the FLSA Collective Plaintiffs worked for Defendants for a flat rate of pay each night or shift that did not compensate them in an amount equal to or in excess of the federal minimum wage rate of pay for all hours worked.

52. Plaintiffs Smith and Trujillo and the FLSA Collective Plaintiffs were, and are, entitled to be paid at a rate equal to or in excess of the federally-mandated minimum wage rate as set forth in the FLSA.

53. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiffs Smith and Trujillo and the FLSA Collective Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

54. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

55. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs Smith and Trujillo and the FLSA Collective Plaintiffs at a rate of pay equal to or in excess of the federal minimum wage rate, when they knew, or should have known, such was and is due.

56. Defendants have failed to properly disclose or apprise Plaintiffs Smith and Trujillo and the FLSA Collective Plaintiffs of their rights under the FLSA.

57. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs Smith and Trujillo and the FLSA Collective Plaintiffs have suffered lost minimum wage compensation for time worked and are entitled to be paid this amount, plus liquidated damages.

58. Plaintiffs Smith and Trujillo and the FLSA Collective Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## ATTORNEY'S FEES

59. The named Plaintiffs have retained the law firm of Jackson+Jackson to represent Plaintiffs and the FLSA Collective Plaintiffs in the litigation and have agreed to pay the firm a reasonable fee for its services.

## CONSENT

60. The named Plaintiffs' consent to file this Complaint is evidenced by their signatures on the FLSA Consent Forms that are attached hereto *in globo* as Exhibit "A".

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs De Ivory Smith and Marlie Trujillo on behalf of themselves and the FLSA Collective Plaintiffs, pray that judgment be entered against Defendants, Manhattan Management Co., LLC and Berk-Cohen Associates, LLC as follows:

    a.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage and/or maximum hour provisions of the FLSA;

   b. An injunction prohibiting Defendants from engaging in future minimum wage and/or overtime pay violations;

   c. Awarding Plaintiffs and the FLSA Collective Plaintiffs minimum wage in the amount of $7.25 per hour for each hour they worked for Defendants;

   d. Awarding Plaintiffs and the FLSA Collective Plaintiffs overtime compensation in the amount due them for their time worked in excess of forty (40) hours per workweek;

   e. Awarding Plaintiffs and the FLSA Collective Plaintiffs liquidated damages in an amount equal to the minimum wage and/or overtime award;

   f. Awarding Plaintiffs and the FLSA Collective Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   g. Awarding Plaintiffs and the FLSA Collective Plaintiffs pre-judgment interest and all other interest to which they are entitled;

   h. Awarding Plaintiffs and the FLSA Collective Plaintiffs all other relief to which they are entitled.

       Respectfully submitted,

/s/ *Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
   mjackson@jackson-law.net
Attorneys for Plaintiffs De Ivory Smith and Marlie Trujillo and the FLSA Collective Plaintiffs

**<u>PLAINTIFFS WILL REQUEST WAIVER OF SERVICE</u>**