**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

DE IVORY SMITH, ET AL.                              CIVIL ACTION

VERSUS                                              NO. 14-2623

MANHATTAN MANAGEMENT COMPANY, LLC, ET AL.           SECTION "B"(2)


ORDER AND REASONS

I.   NATURE OF MOTION AND RELIEF SOUGHT

Before the Court is Defendants', Manhattan Management Company, LLC and Berk-Cohen Associates, L.L.C., "Motion for Summary Judgment" (Rec. Doc. 13), which seeks dismissal of Plaintiffs', De Ivory Smith, Marlie Trujillo, and putative class members, Fair Labor Standards Act ("FLSA") claims under the "waiting to be engaged doctrine" and "homeworker's exception." Plaintiffs oppose the motion (Rec. Doc. 15), Defendants have filed a Reply (Rec. Doc. 17), and Plaintiffs have filed a Sur-Reply (Rec. Doc. 22).  For reasons that follow, **IT IS ORDERED THAT** Defendants' Motion is **DENIED**, without prejudice to re-urge following focused discovery to be pursued between the parties.

II. FACTS AND PROCEDURAL HISTORY

Plaintiffs De Ivory Smith and Marlie Trujillo resided and worked as after-hours telephone dispatchers at the Forest Isles Apartment Complex owned and operated by Defendants in Algiers, Louisiana. (Rec. Doc. 1). When the Forest Isles maintenance office is closed on nights and weekends, residents can report

1

maintenance issues and other concerns by calling a designated telephone number or submitting an on-line service request. (Rec. Doc. 13-1 at 1). These requests are received by a dispatcher who routes the request to an appropriate service technician. *Id.* After-hours dispatchers, such as Plaintiffs here, are generally residents of the complex and work from their apartments. (Rec. Doc. 13-1 at 1). They are paid a flat rate of pay for each night or weekend shift in the form of a "rent credit" of $20 per weeknight shift and $40 per weekend shift. (Rec. Doc. 13-1 at 2). Plaintiffs filed the instant putative class action complaint on their own behalves and those of all similarly situated individuals who worked as "apartment dispatchers, life guards or security personnel" and were compensated under the same arrangement between September 2011 and the present. (Rec. Doc. 1). They seek recovery of compensation allegedly owed under the minimum wage and overtime provisions of the FLSA. (Rec. Doc. 1).

**III. CONTENTIONS OF MOVANTS**

Defendants move for summary judgment dismissing Plaintiffs' claims under Fed. R. Civ. P. 56 on the grounds that no genuine issues of material fact exist and that they are entitled to judgment as a matter of law. Defendants argue Plaintiffs' claims fail under the "waiting to be engaged" doctrine and the "homeworker's exception" to the hourly rate requirements of the FLSA. They argue Fifth Circuit precedent firmly establishes that

telephone dispatchers such as Plaintiffs, who work from home,
and who are allegedly allowed to pursue personal and social
activities while on duty, are not entitled to compensation for
their idle time and may be paid a flat rate of pay. (Rec. Doc.
13-2 at 6)(citing *Halferty v. Pulse Drug Co.*, 864 F.2d 1185 (5th
Cir. 1989). In addition, Defendants argue "payment of a
reasonable flat rate per shift" is proper under the
"homeworker's exception" to the FLSA. (Rec. Doc. 13-2 at
9)(citing *Halferty,* 864 F.2d at 1191 (quoting 29 C.F.R. §
785.23)). Finally, Defendants argue summary judgment is proper
at this stage of the proceedings because the issue of whether an
employee's idle time is compensable is often a legal question,
rather than a factual one, and the pleadings reveal that the
parties agree as to those facts material to a determination of
compensability. (Rec. Doc. 19 at 3)(citing *Bright v. Houston Nw.
Med. Ctr. Survivor, Inc.*, 934 F.2d 671, 674-75 (5th Cir. 1991)).

**IV. CONTENTIONS OF OPPONENTS**

In opposition, Plaintiffs argue Defendants have failed to
carry their burden of proving by a preponderance of the evidence
that their employees fall within an exception to the hourly rate
requirements of the FLSA. (Rec. Doc. 15 at 5)(citing *Vela v.
City of Houston*, 276 F.3d 659, 666-67 (5th Cir. 2001)). They
argue that factual issues persist as to whether they are covered
by the FLSA exceptions cited by Defendants and further that

Defendants' summary judgment motion is premature because discovery had not begun by the time of its filing. Should the Court conclude that the affidavit evidence submitted in connection with the instant pleadings does not reveal genuine issues of material fact, Plaintiffs request that the Court defer ruling on Defendants' motion for summary judgment until discovery has been completed. (Rec. Doc. 15 at 18).

**V. RULE 56 SUMMARY JUDGMENT STANDARD**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.  *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998).  The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. The movant must point to

4

"portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. . . . Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party' is a full trial on the merits warranted." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616 (5th Cir. 1994). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993). If, however, a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take

discovery; or (3) issue any other appropriate order. Fed R. Civ.
P. 56(d).

## VI. DISCUSSION

The provisions of the FLSA are presumed to apply to
employees such as Plaintiffs. *Vela v. City of* Houston, 276 F.3d
659, 666 (5th Cir. 2001). Defendants are entitled to rebut this
presumption by establishing, for example, that the "waiting to
be engaged" doctrine or "homeworker's exception" applies. *See
Meza v. Intelligent Mexican Marketing, Inc.*, 720 F.3d 577, 581
(5th Cir. 2013)("The employer must prove facts by a
preponderance of the evidence that show the exemption is
'plainly and unmistakably' applicable.") The critical issue in
determining application of the former is "whether the employee
can use [idle] time effectively for his or her own purposes."
*Halferty v. Pulse Drug Co.*, 864 F.2d 1185, 1189 (5th Cir.
1989)(citing 29 C.F.R. §§ 785.16-.17). As to the latter,
"[w]here an employee performs services for his employer at home
and yet has long periods of uninterrupted leisure during which
he can engage in the normal activities of living, . . . any
reasonable agreement of the parties for determining the number
of hours worked" is acceptable. *Halferty v. Pulse Drug Co.*, 864
F.2d at 1190 (citing Department of Labor, Wage and Hour
Administrator Opin. Letter (March 18, 1968)(Clarence T.
Lunquist, Administrator)). "This agreement should take into

account not only the actual time spent in answering the calls, but also some allowance for the restriction on the employee's freedom to engage in personal activities resulting from the duty of answering the telephone." *Id.*

While a determination as to an employee's entitlement to compensation for leisure time may be largely a legal question, such legality necessarily turns on the establishment of predicate facts; namely, the employee's job description, duties, limitations, frequency and duration of work, etc. *See, e.g., Bright v. Houston Nw. Med. Ctr. Survivor, Inc.*, 934 F.2d 671, 674-75 (5th Cir. 1991)(en banc)(finding resolution of legal issue of compensability of "on-call time" appropriate in summary judgment context, but reviewing significantly more record evidence than presently before this Court in order to make such a determination). Defendants move the Court for summary judgment prior to the start of discovery, and prior even to the Court's having held a Rule 16 Preliminary Conference.[1] In support of their motion they proffer the largely conclusory declaration of Stephen Enslow, a so-called "asset manager" employed by Defendants, which purports to set forth the various living activities able to be pursued by telephone dispatchers while on call. (Rec. Doc. 13-4). Enslow largely omits any reference to

[1] The Scheduling Conference was set for six days prior to the date upon which Defendants' motion was noticed for submission, fixing the deadline for the filing of Plaintiffs' opposition two days before that conference.

the basis for his supposed personal knowledge of such activities, other than that he is "familiar with the day to day operations of Forest Isle." *Id.* Plaintiffs, in turn, protest the prematurity of Defendants' motion and offer their own declarations, which contest their ability to pursue normal living activities during on-call periods. (Rec. Docs. 15-1, 15-2). While a determination of the applicability of exceptions to the minimum wage and overtime provisions of the FLSA may certainly be properly resolved via summary proceedings, a necessary prerequisite to determining a plaintiff's entitlement to compensation for leisure time is, of course, the establishment of the existence of any such leisure time in the first instance. In the context of the "waiting to be engaged" exception, additional evidence is then required to determine the extent to which any idle time is properly characterized as predominately for the benefit of the plaintiff or employer. As to the homeworker's exception, the "reasonableness" of any flat-fee arrangement between the parties necessarily requires evidence beyond the mere existence of such an arrangement.[2]

---

[2] While Defendants have cited to a flat-fee arrangement previously deemed "reasonable" in *Halferty*, 864 F.2d 1185 (5th Cir. 1989), and adjusted that fee for inflation in an attempt to characterize the fee arrangement here as reasonable, they fail to establish the sufficiency of such a computation for purposes of the "reasonableness" inquiry. They further overlook that in *Halferty*, the Court considered the price of comparable services in the relevant area to gauge reasonableness, offering here no evidence of the cost of comparable services in the area of Defendants' property at this or any prior time. *See Halferty*, 864 F.2d at 1192. Defendants further overlook that the *Halferty* court was necessarily required to make an initial factual

These issues alone reveal that summary judgment is inappropriate at this juncture and fact issues prevent the Court from granting Defendants' motion. Even if the evidence presently before the Court failed to demonstrate the existence of sufficient factual disputes to prevent summary judgment, denial of Defendants' motion would be warranted on the basis of Plaintiffs' proper showing under Rule 56(d) of the need to conduct additional discovery and their compliance with the procedural requisites of that rule. The parties shall continue to pursue discovery and may file appropriate dispositive motions, if any, at a later date pursuant to the Court's Scheduling Order.

## VII. CONCLUSION

In light of the marked prematurity of Defendants' summary judgment motion and the existence of factual issues at this juncture, **IT IS ORDERED THAT** Defendants' motion is **DENIED.** The Court does not suggest that any presently persisting evidentiary and factual issues may not be resolved prior to trial such as to permit resolution by way of an appropriate pre-trial dispositive motion, but merely that such is not the current state of affairs. The parties shall continue to pursue focused discovery,

---

determination of the extent of the leisure time afforded to the plaintiff therein and that she was, in fact, able to pursue the alleged living activities during that time. While it remains possible that such a result will obtain here, the dearth of evidence presently before the Court simply does not allow such a conclusion to be reached at this juncture.

particularly with respect to issues regarding leisure time of putative class members. Defendants may re-urge their motion at an appropriate time thereafter.

New Orleans, Louisiana, this 30th day of April, 2015.


UNITED STATES DISTRICT JUDGE