UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DE IVORY SMITH AND MARLIE TRUJILLO<br><br>    Plaintiff,<br><br>vs.<br><br><br>MANHATTAN MANAGEMENT CO., LLC AND BERK-COHEN ASSOCIATES, LLC<br>    Defendant. | CIVIL ACTION NO.: 14-2623<br><br>SECTION: (B)<br>JUDGE IVAN L.R. LEMELLE<br><br>MAGISTRATE: (2)<br>MAGISTRATE JUDGE JOSEPH C. WILKINSON |

**REPLY BRIEF IN SUPPORT OF MOTION TO CERTIFY FLSA COLLECTIVE ACTION AND FACILITATE NOTICE UNDER 29 U.S. C. 216(b)**

NOW INTO COURT through undersigned counsel come Plaintiffs, Marlie Trujillo and De Ivory Smith, who respectfully submit the following Reply Brief in further support of their motion to conditionally certify the FLSA Collective Class. Defendants' opposition to certification essentially boils down to a contention that the position of all class members must be identical. However, that argument ignores the realities of the very liberal standard for conditional certification, which provides that the situation of class representatives must be *similar* to that of those they seek to represent, not *identical*. Defendants also ignore the fact that this Court is authorized to create sub-classes of the certified class, should it determine that the litigation at issue would be best served via that method.

Here, Defendants have engaged in an overarching scheme to deprive their resident employees of overtime and minimum wages, a fact that applies to the named plaintiffs and all of the persons they seek to represent. The fact that those persons may have had

different job duties does not negate the fact that they are all similarly situated due to Defendants' payment scheme. Rather than divide this matter into two (or even three) separate cases, judicial economy is best served by conditionally certifying the proposed collective class.

    **I.**    **Conditional Certification Serves the Purposes of the FLSA Collective Action Process.**

The Fifth Circuit has instructed that a "similarly situated" showing at the first stage (notice stage) of conditional certification under Section 216(b) of the Fair Labor Standards Act ("FLSA") requires nothing more than allegations in the pleadings and/or in declarations submitted by the plaintiffs or proposed class members that they were **_subject to a common decision, policy, or plan_**. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds*, 539 U.S. 90, 123 (2003). Once the plaintiffs establish that they and the persons they seek to represent were subject to a common plan, then conditional certification of a class of similarly situated employees fulfills the essential purpose and goal of the FLSA which is to (1) reduce the burden on Plaintiffs through the pooling of resources and (2) conserve judicial resources by efficiently resolving common issues of law and fact that arise from the same illegal conduct. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1264 (11th Cir. 2008)(citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). Conditional certification of the proposed FLSA Collective Class serves these purposes.

The instant litigation is not the first time that Defendants have been sued for violations of the FLSA for failing pay resident employees overtime. Defendants were sued in 2013 for failing to pay resident office workers overtime. *Scott v. Manhattan*

*Management Co. LLC*, No. 13-6805 EDLA (Rec. Doc. 1).  While that suit was pending, Defendants were approached about amending that litigation to add the instant claims also arising out of Defendants' other illegal rent credit payment practices. However, they declined to agree to amendment and a separate suit – the instant litigation – was filed instead and immediately transferred to this section of Court, where the prior suit was pending. (*See* Rec. Doc. 1.)

In this action, Plaintiffs have filed suit on behalf of dispatchers, security personnel and lifeguards (or "pool monitors," to use Defendants' nomenclature).  Defendants essentially seek to have the claims made on behalf of the security guards and pool monitors dismissed and proceed in this action only with the claims of the dispatchers. Defendants' arguments in favor of not certifying the proposed class have no merit under the law.  Moreover, as a practical reality, the most immediate result of the course of action Defendants' have suggested this Court take would create even more litigation before this Court, which is directly contrary to the goals of the FLSA Collective Action process.

Obviously, if this Court does not certify the proposed dispatcher class, other dispatchers who were subjected to this same scheme will be forced to file separate lawsuits.  This serves no purpose other than to clog the courts with more litigation involving the same Defendants, the same facts and the same issues of law.

Moreover, one major facet of Defendants' argument – that Plaintiffs have no one to adequately represent the security guard and pool monitor personnel is moot.  Opt-in Plaintiff Rachelle Lee worked for Defendants as both a security guard and a pool monitor.  *See* Ex. A, Declaration of Rachelle Lee at ¶ 2.  Thus, Should this Court decline

3

to certify the collective class as requested, Ms. Lee would be forced to file another FLSA Collective Action against Defendants on behalf of security personnel and pool monitors. Or, perhaps even two separate actions, one on behalf of the security guards and another on behalf of the pool monitors since Defendants seem set on creating as much separate litigation as possible.  Thus, this Court would be faced with two, or even three, suits pending against the same Defendants by some of the same plaintiffs (residents, like Ms. Lee, worked for Defendants in more than one resident employee capacity) involving the same witnesses, the same facts and the same operative issues of law.

Moreover, a resident employee who worked for Defendants in more than one capacity may have worked as, for example, as a security guard and as a pool monitor for Defendants during the same time frame.  In such an instance, the total hours the resident employee spent working for Defendants would be pertinent to whether they had been paid overtime, not just the time they spent working in one capacity or another, meaning that, if these claims were tried separately, evidence of hours worked from one case would necessarily have to be used as evidence in another case to effectively adjudicate the residents' claims.  That process would be far simplified if all of the evidence were collected in one case and subjected to one set of discovery rulings and evidentiary standards.

Recognizing the inherent waste and difficulties involved in similarly treated plaintiffs filing multiple suits against the same Defendants, the Courts have repeatedly held that similarity between the named plaintiffs and the putative collective class members is all that is required.  It is not necessary that the named representative be identically situated. The existence of some variations between potential claimants is *not*

4

determinative of lack of similarity." *Mooney*, 54 F.3d at 1213-14; *see also, e.g., Camp*, 2002 WL 31496661, *4 (emphasis in original).

Moreover, once the class is conditionally certified, the Court may subdivide it into subclasses, if necessary, to more effectively proceed through litigation. *Skelton v. Sukothai, LLC 2014 WL 295137* (January 27, 2014). And indeed, it is not uncommon for more than one category of employee to be included in a certified FLSA collective class based on how they were paid, regardless of differences in their actual job duties. *See e.g., Meija v. Brothers Food Mart*, No. 12-2842 EDLA Rec. Doc. 79. Accordingly, the mere fact that the named plaintiffs and the members of the putative collective class may have had different job duties is not sufficient to deny conditional certification.

The cases relied upon by Defendants in their opposition to certification do not stand for the proposition otherwise. It appears that in *Boudreaux v. Schlumberger Tech. Corp.*, the court actually conditionally certified two separate classes for two categories of employees. *See* No. 14-2267 WDLA, Rec. Doc. 52. And in *Tolentino v. C & J Spec–Rent Services, Inc.* and *Harris v. Fee Transportation Services, Inc.*, the issue for certification appears to have been whether the workers were non-exempt as managerial employees. *Toletino*, 716 F.Supp.2d 642, 644-45 (S.D.Tex.2010); *Harris*, WL 1994586, *1 (N.D.Tex. May 15, 2006). In such a case, the job duties of the employees involved are determinative of whether the "manger" exception applies and, thus, difference in the employees' job duties is of paramount importance. None of those issues are at play here. Thus, Defendants' argument on this point is inapposite.

5

## II.  The Named Plaintiffs Are Similarly Situated to All Resident Workers Who Were Subjected to Defendants' Rent Credit Payment Scheme.

With respect to the proposed class, commonality exists between the named Plaintiffs and the proposed collective class. Plaintiffs seek to represent the following class:

> Individuals who, since November 2011, previously worked or currently work for Defendants, Manhattan Management Co., LLC and Berk-Cohen Associates, LLC ("Defendants") as apartment dispatchers, life guards and/or security personnel known as "Unit 10" while they reside or resided on Defendants' premises and were compensated with "rent credits" but, through Defendants' use of "rent credits" to compensate them, were not properly paid overtime and/or minimum wage as mandated by the FLSA.

Thus, the issue is whether the payment scheme Defendants applied to these categories of resident workers are sufficiently similar to justify conditional certification. An examination of the methods by which resident employees were scheduled to work and paid reveals that the proposed FLSA Conditional Class should be certified.

No genuine argument has been made that Plaintiffs are not similarly situated to the dispatchers in the proposed class. Defendants instead argue that the security guards and pool monitors should not be included in the proposed class. Defendants' argument is without merit. In all ways pertinent to the instant litigation, dispatchers, security personnel and pool monitors are similarly situated in that they were subjected to the same payment scheme so as to prosecute this manner in a collective action.

All of these jobs fall under the auspices of the managerial staff of the apartment complex and despite variances in job duties, similarities permeate the methods by which they were employed, scheduled to work and paid. *See e.g.,* Affidavits attached to Defendants' Opposition. After hours and weekend dispatchers, after hours and weekend

security personnel and pool monitor employees were all residents who resided at Defendants' Forest Isle complex.[1] They were all paid in rent credits for their time.[2] They were not paid overtime for any hours worked in excess of 40 per week for Defendants.[3] And, they were not paid minimum wage for every hour they worked for Defendants in a given week.[4] Thus, in all pertinent respects, the named plaintiffs are similarly – if not identically – situated to all of the persons they seek to represent with the FLSA Collective class.

The similarities between the named plaintiffs and the proposed class members do not end there. Regardless of their position, Defendants set the schedules and set forth a series of duties that the dispatchers, security personnel and pool monitors had to perform while on their respective jobs.[5] They were not allowed to leave the premises while

---

[1] *See* Ex. A, Declaration of Rachelle Lee at ¶5; Ex. A to Pls Memo, Declaration of Marlie Trujillo at ¶4 (Rec. Doc. 23-2); Ex. B to Pls Memo, Declaration of De Ivory Smith at ¶4 (Rec. Doc. 23-3); Ex. C to Pls Memo, Declaration of Domonique Tyson at ¶3 (Rec. Doc. 23-4); Ex. D to Pls Memo, Declaration of Marelda Scott at ¶3 (Rec. Doc. 23-5).

[2] *See* Ex. A, Declaration of Rachelle Lee at ¶10; Ex. A to Pls Memo, Declaration of Marlie Trujillo at ¶9 (Rec. Doc. 23-2); Ex. B to Pls Memo, Declaration of De Ivory Smith at ¶9 (Rec. Doc. 23-3); Ex. C to Pls Memo, Declaration of Domonique Tyson at ¶4 (Rec. Doc. 23-4); Ex. D to Pls Memo, Declaration of Marelda Scott at ¶4 (Rec. Doc. 23-5).

[3] *See* Ex. A, Declaration of Rachelle Lee at ¶¶4, 49, 54; Ex. A to Pls Memo, Declaration of Marlie Trujillo at ¶48 (Rec. Doc. 23-2); Ex. B to Pls Memo, Declaration of De Ivory Smith at ¶43 (Rec. Doc. 23-3); Ex. C to Pls Memo, Declaration of Domonique Tyson at ¶¶4-6 (Rec. Doc. 23-4); Ex. D to Pls Memo, Declaration of Marelda Scott at ¶¶ 6-7 (Rec. Doc. 23-5).

[4] *See* Ex. A, Declaration of Rachelle Lee at ¶¶3-4, 50; Ex. A to Pls Memo, Declaration of Marlie Trujillo at ¶49 (Rec. Doc. 23-2); Ex. B to Pls Memo, Declaration of De Ivory Smith at ¶44 (Rec. Doc. 23-3); Ex. C to Pls Memo, Declaration of Domonique Tyson at ¶4-6 (Rec. Doc. 23-4); Ex. D to Pls Memo, Declaration of Marelda Scott at ¶¶ 6-7 (Rec. Doc. 23-5).

[5] *See* Ex. A, Declaration of Rachelle Lee at ¶¶12-13, 18-19, 52; Ex. A to Pls Memo, Declaration of Marlie Trujillo at ¶11 (Rec. Doc. 23-2); Ex. B to Pls Memo, Declaration of De Ivory Smith at ¶11 (Rec. Doc. 23-3); Ex. C to Pls Memo, Declaration of Domonique Tyson at ¶9 (Rec. Doc. 23-4); Ex. D to Pls Memo, Declaration of Marelda Scott at ¶ 6-7 (Rec. Doc. 23-5).

working in their respective positions.[6] They were restricted in their ability to sleep, eat, entertain, watch TV and engage in their normal activities while they were working for Defendants.[7] The fact that their actual duties may have differed due to the particular job they were working in a given shift does not negate the fact that these residents were employees of Defendants, that Defendants controlled their schedules, that they worked in excess of 40 hours per week, and that they were not paid overtime or minimum wage. And, while Defendants make noise about how these positions are different, they have refused to respond to discovery directed at the commonality issue. *See* Ex. B, Defendants' Responses to Plaintiff De Ivory Smith's Interrogatories.

The issue in this case is whether these resident employees – dispatchers, security personnel and pool monitors – were not paid in accordance with the FLSA. While the subtle differences in their job positions might be relevant if the core issue were different, the issues of how many hours they worked, what amounts they were paid and whether the payment scheme to which they were subjected was lawful under the FLSA are common to all of these positions. Moreover, Defendants conceded that the original plaintiffs are adequately representative of one subclass, the dispatchers, therefore, there is no logical reason why the new Opt In Plaintiff cannot be representative of a security and pool monitor subclass, should they be created and defined. Accordingly, conditional certification is warranted.

## Conclusion

---

[6] *See* Ex. A, Declaration of Rachelle Lee at ¶¶18, 32-33, 52; Ex. A to Pls Memo, Declaration of Marlie Trujillo at ¶17 (Rec. Doc. 23-2); Ex. B to Pls Memo, Declaration of De Ivory Smith at ¶17 (Rec. Doc. 23-3); Ex. C to Pls Memo, Declaration of Domonique Tyson at ¶7 (Rec. Doc. 23-4); Ex. D to Pls Memo, Declaration of Marelda Scott at ¶ 7 (Rec. Doc. 23-5).

[7] *See* Ex. A, Declaration of Rachelle Lee at ¶¶20-46, 52; Ex. A to Pls Memo, Declaration of Marlie Trujillo at ¶¶18-45 (Rec. Doc. 23-2); Ex. B to Pls Memo, Declaration of De Ivory Smith at ¶ ¶ 18-40 (Rec. Doc. 23-3).

For the reasons discussed above and in Plaintiffs' Memorandum in Support of Motion for Conditional Certification, Plaintiffs' motion to conditional certify the proposed FLSA Collective Class should be granted.

                                                   Respectfully submitted,

                                                   /s/ *Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
   mjackson@jackson-law.net
Attorneys for Plaintiffs De Ivory Smith and Marlie Trujillo and the FLSA Collective Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record this 9th day of June, 2015 via this Court's CM/ECF filing system.

                                                 /s/ *Mary Bubbett Jackson*