UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DE IVORY SMITH ET AL. | CIVIL ACTION |
| VERSUS | NO. 14-2623 |
| MANHATTAN MANAGEMENT COMPANY, LLC ET AL. | SECTION "B"(2) |

**ORDER ON MOTION**

APPEARANCES:  None (on the briefs)

MOTION:  Defendants' Motion to Compel Production of Discovery Responses and Documents, Record Doc. No. 42

O R D E R E D:

 XXX : GRANTED, subject to the limitations and protective order contained herein. Although defendants' motion papers fail specifically to identify the particular discovery requests as to which they seek relief, it appears that the motion relates to defendants Requests for Production Nos. 2 and 3. Defendants' motion papers alter those requests, expanding Request No. 2 to "phone records," rather than "<u>cellular</u> phone bills and/or <u>cellular</u> phone records" and narrowing Request No. 2 to "email logs" rather than "all emails." The requests appear to be further limited by defendants' reference to the dates listed on Appendix I, Record Doc. No. 42-5, and the "types of shift" listed in the Appendix with the specific times of such shifts explained at Record Doc. No. 42-1 n. 3.  For purposes of this motion, I will limit my consideration and the relief granted to the narrowest of the versions of materials that defendants' somewhat confusing and less than precise motion papers seek.

The two subject production requests, as narrowed, seek materials that are highly relevant to the "waiting to be engaged" doctrine and "homeworker's exception" components of defenses actually asserted by defendants. Fed. R. Civ. P. 26(b)(1). Plaintiff have provided no evidence of excessive burden in responding to the requests, as narrowed, and I cannot conclude that the burden or expense of producing these materials outweighs their benefit or importance to the case, considering the factors set out in Fed. R. Civ. P. 26(b)(2)(C). Accordingly, **IT IS ORDERED** that no later than **September 2, 2015**, plaintiffs must produce to defendants their (1) cellular phone bills and/or records that show cellular calls on the dates listed for each on Appendix I during the hours on those dates specified in footnote 3 at Record Doc. No. 42-4 for the shifts that Plaintiffs were on duty as telephone dispatchers for Forest Isles, and (2) email logs for emails sent or received by

Plaintiffs on the dates listed for each on Appendix I during the hours on those dates specified in footnote 3 at Record Doc. No. 42-4 for the shifts that Plaintiffs were on duty as telephone dispatchers for Forest Isles.

Plaintiffs' opposition memorandum expresses concern that these materials "may not be something that Plaintiffs can recreate;" that "Plaintiffs are not confident that they have the ability to produce a log of every email sent or received by them" for the specified dates and times; and that they "should not be required to undergo extensive time and expense to recreate them, . . ." Record Doc. No. 44 at p. 5 (emphasis added). These concerns are misplaced. Plaintiffs' obligation is only to produce such materials or electronically stored information that are within their possession, custody or control. Fed. R. Civ. P 34(a)(1). "[A] party cannot be required to permit inspection of documents or things that it does not have and does not control. . . . A document or thing is not in the possession, custody, or control of a party if it does not exist. Production cannot be required of a document no longer in existence nor of one yet to be prepared." C. Wright, A. Miller, M. Kane, R. Marcus, A. Steinman, 8B Federal Practice and Procedure Civil, § 2210 (available online in Westlaw 3d ed.) (emphasis added) and cases cited at n. 16, 26 and 27, including Soetaert v. Kansas City Coca Cola Bottling Co., 16 F.R.D. 1, 2 (W.D. Mo. 1954)("Rule 34 cannot be used to require the adverse party to prepare, or cause to be prepared, a writing to be produced for inspection, but can be used only to require the production of things in existence."). Thus, plaintiffs do not have the obligation to create or recreate responsive materials, and this order does not impose any such burden on them in response to Requests for Production Nos. 2 and 3. If plaintiffs' are not in possession, custody or control of the requested materials, they need only provide a new written response to the subject Request(s) for Production clearly saying so.

In addition, plaintiffs' objection that these records may contain sensitive, personal information is well-founded, but those concerns can adequately be addressed by making any production subject to an appropriate protective order. Accordingly, IT IS ORDERED that all materials produced in accordance with this order must be marked and kept confidential and used only for purposes of this litigation and must not be disclosed to any one except parties to this litigation, the parties' counsel of record and experts retained in connection with this litigation. All persons to whom such information is disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of the protective order and submitting to the jurisdiction of this court for enforcement of those terms. If any party seeks to add other terms to this protective order, counsel must confer immediately and submit by motion any proposed protective order.

New Orleans, Louisiana, this \_\_\_19th\_\_\_ day of August, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE