UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DE IVORY SMITH ET AL.                                                           CIVIL ACTION

VERSUS                                                                                     NO. 14-2623

MANHATTAN MANAGEMENT                                                 SECTION "B"(2)
COMPANY, LLC ET AL.

## ORDER ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:   Plaintiffs' Motion to Compel Complete Discovery Responses, Record Doc. No. 43

O R D E R E D:

 XXX : DISMISSED WITHOUT PREJUDICE to refiling after compliance with the order contained herein. After this motion was filed, defendants supplemented their discovery responses, apparently in an attempt to address the relief sought by plaintiffs in this motion in light of conditional certification of a particular class. However, the motion sought relief as to all interrogatories and most requests for production, Record Doc. No. 43-1 at p. 2, but supplemental responses were provided only as to some, not all of the interrogatories and requests for production as to which relief was sought. The reply memorandum complains generally that the supplemental responses "remain incomplete," Record Doc. No. 51 at p. 3, but it does not specify which particular supplemental responses are incomplete or why, and I cannot make that determination with certainty based on the confusing current set of motion papers.  For example, on one hand, defendant Manhattan's supplemental answers to Interrogatories Nos. 1 and 2 appear sufficient. On the other hand, its supplemental answer to Interrogatory No. 3 does not answer the question and appears evasive, while its supplemental answer to Interrogatory No. 12 appears incomplete because it fails to identify by name whatever person or person it is referring to. Certainly, defendants must provide the requested information and materials as to all individuals in the categories identified in the court's order conditionally certifying a class, but not beyond that, as plaintiffs originally requested.
    I am not satisfied based on this unclear record that counsel have in fact complied with their Rule 37(a)(1) obligations concerning the supplemental responses. Accordingly,

**IT IS ORDERED** that, no later than **August 26, 2015**, counsel must confer <u>in person</u> <u>and in good faith</u>, in an effort to resolve (or at least narrow) their discovery dispute. If complete resolution is not reached, plaintiff may file a new motion to compel, accompanied by a new good faith conference certificate, but the new motion paper must identify both by Interrogatory and Request for Production Nos. and by particular defendant the specific discovery requests as to which relief is sought and must explain why those expressly identified current responses, as supplemented, are deficient.

New Orleans, Louisiana, this \_\_\_\_19th\_\_\_\_ day of August, 2015.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE