UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DE IVORY SMITH, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                     **NO. 14-2623**

**MANHATTAN MANAGEMENT COMPANY,**                              **SECTION "B"(2)**
**LLC, ET AL.**

### ORDER AND REASONS

Before the Court is plaintiffs' "Motion for Partial Summary Judgment on Liability." (Rec. Doc. No. 62). Plaintiffs assert that defendants may not rely on any of the exceptions to the minimum wage and overtime requirements of the Fair Labor Standards Act ("FLSA") because they did not pay plaintiffs a "wage" and their payment scheme qualified as a "kickback." Therefore, Plaintiffs urge this Court to grant summary judgment on the issue of defendants' liability under the FLSA, leaving only the damages issue for trial. Defendants filed a memorandum in opposition contesting the summary judgment motion on a number of grounds. (Rec. Doc No. 79). Plaintiffs thereafter filed a reply brief. (Rec. Doc. No. 82). For the reasons enumerated below,

**IT IS ORDERED** that the Motion is **DENIED**.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

As previously discussed by this Court, the instant litigation arises out of a payment scheme used by the owners of the Forest Isles Apartment Complex located in the Algiers community of New

Orleans, Louisiana. (Rec. Doc. No. 27). Defendants, Manhattan Management Company, LLC and Berk-Cohen Associates, L.L.C., owned and operated the apartment complex, employing certain residents to act as after-hours dispatchers, lifeguards, and security personnel. (Rec. Doc. No. 62-1 at 2). Included among those employees were plaintiffs De Ivory Smith and Marlie Trujillo, in addition to currently-unnamed members of FLSA Collective Class. (Rec. Doc. No. 62 at 1).

Rather than being paid in cash, the resident-employees were generally compensated via "rent credits," which were then applied towards their outstanding rent obligations each month. (Rec. Doc. No. 79-10 at 2). Plaintiffs were occasionally paid by check when their work "exceeded what the rent credits were intended to cover." (Rec. Doc. No. 79-10 at 2). Nevertheless, the plaintiffs' base pay came in rent credits in the following amounts: dispatchers were paid $20 for weeknight shifts and $40 for weekend shifts, and property monitors were paid $56 for weeknight shifts and $112 for weekend shifts. (Rec. Doc. No. 79-10 at 2). In November of 2014, plaintiffs filed suit against defendants for failure to pay minimum wage and failure to pay overtime in violation of the FLSA, 29 U.S.C. § 201, *et seq*. (Rec. Doc. No. 1).

In April of 2015, Defendants filed a motion for summary judgment seeking dismissal of plaintiffs' claims under two exceptions to the FLSA: the "waiting to be engaged doctrine" and

the "homeworker's exception." (Rec. Doc. No. 13). This Court denied defendants' motion without prejudice to re-urge following further discovery. (Rec. Doc. No. 27). Now, plaintiffs urge this court to find both those exceptions inapplicable in this case, thus resolving the issue of defendants' liability.

II. **LAW AND ANALYSIS**

This Court's initial inquiry is whether Rule 8 of the Federal Rules of Civil Procedure bars plaintiffs' arguments for summary judgment.

    a. **Notice Pleading Under Rule 8**

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of notice pleading is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (quoting *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). This fair notice requirement prevents "defendants from being victimized by surprise." *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 1997 WL 705535, No. 96-4023, at *2 (E.D. La. Nov. 12, 1997). Defendants maintain that plaintiffs raise "new claims" in their motion for summary judgment, which constitute unfair and prejudicial surprise in violation of Rule 8. (Rec. Doc. No. 79 at 11).

Plaintiffs' motion asserts no new claims. Plaintiffs continue to claim that defendants violated the FLSA by failing to pay plaintiffs minimum wage and overtime. If anything, plaintiffs have raised new grounds upon which those claims rest—i.e., that defendants are liable for minimum wage and overtime because the rent credits do not constitute a wage. Assuming *arguendo* that plaintiffs were required to plead such grounds in their complaint, defendants have not demonstrated how plaintiffs' failure to do so has prejudiced them.

In the three pages they spend discussing this issue, defendants do not provide a single explanation as to why it would be unfair and prejudicial to consider plaintiffs' arguments at this point. Rather, they provide only the conclusory assertion that plaintiffs' motion "constitutes an unfair and prejudicial surprise." (Rec. Doc. No. 79 at 11). The Court already extended the submission date on plaintiff's motion, giving defendants an extra two weeks to formulate an opposition. (Rec. Doc. No. 71). Therefore, defendants cannot argue that they were prejudiced in their ability to respond. Moreover, from this point forward, defendants are aware of and prepared to litigate the issues if necessary. Accordingly, there is no unfair surprise or prejudice. As is the case with affirmative defenses under Rule 8(c), technical violations of Rule 8(a)(2) should not prove fatal if the matter is raised in a manner that does not result in unfair surprise or

prejudice. *See Allied Chemical Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983) ("Where the matter is raised in the trial court in a manner that does not result in unfair surprise, however, technical failure to comply precisely with Rule 8(c) is not fatal."). Therefore, defendants' argument that Rule 8 prevents consideration of the summary judgment motion fails.

### b. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.

If and when the movant carries this burden, the non-movant must then go beyond the pleadings and other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, "where the non-movant

bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994). Conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993). Plaintiffs seek summary judgment on the issue of liability.

In particular, they argue three main points to support their motion: (1) that the rent credits paid by defendants do not constitute a lawful wage under the FLSA because they are not cash or its equivalent; (2) that the payment scheme implemented by defendants operates a "kickback," making it an impermissible payment method under the FLSA; and (3) that defendants may not rely on any exceptions to avoid FLSA liability because the rent credit payment method was invalid under FLSA. (Rec. Doc. N0. 62 at 1-2). Putting the first two issues aside for the moment, the threshold inquiry in assessing the validity of plaintiffs' argument is whether the defendants must demonstrate that they paid an actual wage before they can rely on an FLSA exception.

### c. FLSA Liability

The FLSA requires that non-exempt workers receive a minimum wage as well as overtime pay when their work hours exceed forty

hours per week. 29 U.S.C. §§ 206-207. However, the FLSA also provides exceptions to the general hourly wage and overtime rules, which courts should construe narrowly against the employer asserting them. *Donovan v. Brown Equip. & Serv. Tools, Inc.*, 666 F.2d 148, 153 (5th Cir. 1982); *Wirtz v. Jernigan*, 405 F.2d 155, 158 (5th Cir. 1968). An employer has "the burden of affirmatively showing that its employees come within the exceptions" to the FLSA. *Cowart v. Ingalls Shipbuilding, Inc.*, 213 F.3d 261, 264 (5th Cir. 2000). *See also Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 265 (5th Cir. 1998). In this case, defendants invoked both the "waiting to be engaged doctrine" and the "homeworker's exception" as relevant exceptions to the general minimum wage and overtime rules. (Rec. Doc. No. 13). This Court ordered further discovery before deciding the applicability of those exceptions. (Rec. Doc. No. 27). Now, plaintiffs attempt to demonstrate the inapplicability of both exceptions based on defendants' failure to pay a proper "wage" under the FLSA. (Rec. Doc. No. 62). The primary issue being disputed is whether payment of a proper wage is a prerequisite that a defendant-employer must "affirmatively show" before relying on either of the invoked exceptions.

In describing the waiting to be engaged doctrine, the United States Court of Appeals for the Fifth Circuit stated:

> when idle time is spent predominantly for the benefits of the employer, not the employee, the employee is engaged to be waiting, not

> waiting to be engaged, and is entitled to compensation. Conversely, if the time primarily benefits the employee, the employee can be considered to be waiting to be engaged, and should receive compensation only for actual work time.

*Halferty v. Pulse Drug Co., Inc.*, 864 F.2d 1185, 1189 (5th Cir. 1989). Therefore, the exception applies when an employee's idle time is used to benefit the employee rather than the employer. In such a situation, the employer need not pay the employee the federally-mandated minimum wage but, rather, must compensate the employee for actual time worked.

On the other hand, the homeworker's exception provides:

> An employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time he is on the premises. Ordinarily, he may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when he may leave the premises for purposes of his own. It is, of course, difficult to determine the exact hours worked under these circumstances and *any reasonable agreement of the parties* which takes into consideration all of the pertinent facts will be accepted.

29 C.F.R. §785.23 (emphasis added). Thus, when an employee resides on her employer's premises and does not work the entire time she is on the premises, then the minimum wage and overtime rules do not necessarily apply. Instead, the employer must compensate the employee "reasonably," taking into account all pertinent facts.

Plaintiffs assert that "both of [the exceptions] require that the Defendants pay Plaintiffs an actual 'wage,'" and that "payment of a minimum 'wage' to Plaintiffs is a predicate to Defendants' ability to rely on either of these exceptions." (Rec. Doc. No. 62-1 at 8). However, plaintiffs provide no legal support for these conclusory declarations. Further on in their memorandum, plaintiffs cite to *Lopez v. La Hacienda Mexican Grill, Inc.*, 2013 WL 2949137, No. 13-350 (M.D. Fla. June 14, 2013), in an attempt to construct a sound legal foundation. (Rec. Doc. No. 62-1 at 8). Aside from the fact that *Lopez* is not binding on this Court, the case also fails to support the proposition submitted by plaintiffs.

In *Lopez*, the court considered an entirely different exception with different prerequisites—the "tip credit" exception. There, the defendants did not pay the plaintiff any wage whatsoever, meaning his only compensation was through tips. *Lopez*, 2013 WL 2949137 at *3. The defendants attempted to rely on the FLSA's tip credit provisions to avoid liability. *Id*. However, the Middle District of Florida found that an employer may only utilize the FLSA's tip credit provisions if the employee has been informed by the employer of the substance of those provisions. *Id.* at *2-3 ("[T]he Court finds that because La Hacienda and Cortes did not give Lopez notice of the tip credit provisions of the FLSA, the compensation options provided for in that subsection do not apply."). The court does not, as plaintiffs maintain, hold the tip

credit exception inapplicable simply because the defendants did not pay plaintiff an actual wage.

Moreover, basic logic dictates that plaintiffs' argument must fail. Sections 531.27 and 531.35 of title 29 of the Code of Federal Regulations, which respectively mandate payment in cash or its equivalent and prevent kickbacks, provide interpretations of the general wage requirements mandated by the FLSA. However, the waiting-to-be-engaged doctrine and the homeworker's exception are *exceptions to those general FLSA requirements*, meaning that they provide separate compensation rules outside of those general provisions. *See Meza v. Intelligent Mexican Mktg., Inc.*, 720 F.3d 577, 581 (5th Cir. 2013) (noting that the general FLSA minimum wage and overtime "requirements do not apply to all workers," specifically those covered by an FLSA exemption or exception). Furthermore, both exceptions include explicit instructions for how compensation is to be measured once it is determined that the exceptions apply. *See Halferty*, 864 F.2d at 1189; 29 C.F.R. §785.23. Whether rent credits constitute an adequate form of compensation under either exception can only be addressed once the exceptions are deemed applicable. *See Brock v. City of Cincinnati*, 236 F.3d 793, 805-806 (6th Cir. 2001) (determining the applicability of the homeworker's exception before assessing the reasonableness of the compensation structure). Summary judgment on liability is therefore inappropriate at this time.

As a result, the Court need not decide whether the rent credits qualify as cash or its equivalent or whether they constitute an unlawful kickback. Such a decision would be premature. If, after further discovery, defendants are unable to show that either exception applies, then plaintiffs may re-urge those arguments in litigating the amount of damages due. If, instead, defendants can demonstrate the applicability of the exceptions, then plaintiffs may also re-urge their arguments in litigating whether the payment scheme accorded with the particular compensation requirements of the applicable exception.

### III. CONCLUSION

Plaintiffs' arguments for summary judgment on liability are not barred by Rule 8 of the Federal Rules of Civil Procedure because they do not constitute an unfair surprise to defendants. However, plaintiffs incorrectly assert that, to rely on exceptions to the FLSA, defendants must show payment of an actual wage comporting with particular FLSA regulations. Therefore,

**IT IS ORDERED** that plaintiffs' motion for partial summary judgment on liability is **DENIED**.

New Orleans, Louisiana, this 3rd day of December, 2015.

_____
UNITED STATES DISTRICT JUDGE