UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DE IVORY SMITH AND MARLIE TRUJILLO<br><br>    Plaintiffs,<br><br>vs.<br><br>MANHATTAN MANAGEMENT CO., LLC AND BERK-COHEN ASSOCIATES, LLC<br><br>    Defendants. | ) <br> ) <br> ) CIVIL ACTION NO.: 14-2623<br> ) <br> ) <br> ) SECTION: (B)<br> ) JUDGE IVAN L.R. LEMELLE<br> ) <br> ) <br> ) MAGISTRATE: (2)<br> ) MAGISTRATE JUDGE JOSEPH C.<br> ) WILKINSON |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

NOW INTO COURT through undersigned counsel, come Plaintiffs, De Ivory Smith and Marlie Trujillo, on behalf of themselves and the FLSA Collective Action Class Members ("Plaintiffs"), and Defendants, Manhattan Management Co., LLC and Berk-Cohen Associates, LLC ("Defendants")(collectively the "Parties"), who hereby move the Court to review and approve the settlement of this action (the "Settlement") arising under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*., subject to the Court's determination of the reasonable attorneys' fees and costs owed to Plaintiffs pursuant to the FLSA. Plaintiffs' Motion to Fix Attorneys' Fees and Costs has also been filed on today's date and is set for hearing on February 24, 2016. A copy of the Parties' Joint Stipulation of Settlement ("Joint Stipulation") has been attached hereto as Exhibit 1. For the reasons set forth below, subject to the determination of fees and costs, the Joint Stipulation of Settlement is a fair and reasonable resolution to this litigation and should therefore be approved.

## I.   INTRODUCTION

Subject to this Court's approval, Plaintiffs and Defendants have reached a Settlement regarding the claims asserted in this litigation.  As explained below, the proposed Settlement satisfies all of the criteria for preliminary approval under federal law.  Accordingly, Plaintiffs and Defendants respectfully request that the Court: (1) make a determination of the reasonable attorneys' fees and costs owed to Plaintiffs under the FLSA; (2) approve the settlement of the claims asserted in this litigation as set forth in the Stipulation of Settlement and (3) upon same, dismiss Plaintiffs' claims against Defendants with prejudice.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Factual Allegations

Plaintiffs are persons who resided in Defendants' apartment complex and who worked for Defendant as overnight dispatchers and/or Unit 10/Property Monitors.  Plaintiffs, individually and on behalf of similarly situated employees, brought this collective action pursuant to 29 USC § 216(b).  They allege that Defendants violated the FLSA by failing to properly pay overtime compensation and minimum wage due to Defendants' practice of paying them at a flat rate of pay with rent credits, without regard to the number of hours they actually worked.   Plaintiffs further claim that Defendants are joint employers as defined by the Act and that said named Defendants jointly employed Plaintiffs while they worked at the Forest Isles Apartment Complex in New Orleans, Louisiana.  Defendants deny Plaintiffs' claims and assert that the Plaintiffs and Collective Action Class Members were properly paid in accordance with the "Waiting to be Engaged" and/or "Homeworkers" exceptions to the FLSA.

### B.   Investigation

2

The Parties have conducted discovery, independent investigations of the facts and law, and a thorough examination of Defendants' records. Further, counsel for Plaintiffs and Defendants have analyzed the applicable law as applied to the facts discovered regarding Plaintiffs' allegations, Defendants' defenses thereto, and the damages claimed by Plaintiffs. The agreement to settle did not occur until the Parties had exchanged and evaluated relevant documentation, discovery was nearly completed and extensive motion practice had occurred. Counsel for the Parties believe they possess sufficient information to make an informed judgment regarding the likelihood of decertification, success via motion practice, success on the merits, and the results that could be obtained through further litigation.

### C.    Settlement Negotiations

Upon the exchange of relevant information regarding this matter, the Parties spent several weeks negotiating formulas by which to resolve the claims of the Dispatcher Plaintiffs and the Unit 10/Property Monitor Plaintiffs, based upon the facts and law applicable to those claims. As part of the negotiation process, the Parties considered whether the evidence supported the claims or defenses and the risks and costs that would be associated with this litigation. The Parties ultimately reached an agreement to settle said claims. Counsel for the Parties represent that they had sufficient information and opportunity to engage in discovery and investigation to fairly and appropriately evaluate the claims, defenses, and issues, and to determine that this settlement is in the best interest of their clients, including Collective Action Class Members and that it is fair, reasonable and adequate.

## III.    NATURE OF SETTLEMENT

3

1001299v.1

Plaintiffs and Defendants have agreed, subject to this Court's approval, to a Settlement of this suit on a collective basis. The essential terms of the Settlement are set out in the Joint Stipulation, attached hereto as Exhibit 1. The Settlement is fair, reasonable and sound in light of the relevant facts, the applicable law, and the value of the settlement to Plaintiffs. The Settlement provides substantial benefits to the Plaintiffs in the following respects, subject to the Court's approval:

(a) For Plaintiffs who worked as Dispatchers, Defendants will pay $20 for each 14-hour overnight shift worked and $40 for each 24-hour weekend shift worked, plus 32.5% as liquidated damages.

(b) For Plaintiffs who worked as Unit 10/Property Monitors, Defendants will pay $7.25 for each hour worked, plus overtime for any hours worked in excess of 40 per week, less the amount previously paid to these employees, plus 32.5% as liquidated damages.

(c) Defendants will pay the Named Plaintiffs an Incentive Bonus of $1,000 to compensate them for the time they spent actively involved in this litigation.

(d) Plaintiffs and Defendants have agreed to ask the Court to determine the amount of reasonable attorneys' fees and costs owed to Plaintiffs under the FLSA and a motion to set those fees and costs has been filed herewith on today's date.

(e) A spreadsheet that includes the precise amount owed to each Plaintiff is attached to the Joint Stipulation of Settlement as Exhibit A.

The proposed Settlement was reached through extensive arms-length negotiations and the substantive terms of the Joint Stipulation were negotiated vigorously and through zealous

advocacy.  Plaintiffs' counsel are experienced wage and hour attorneys who are well-qualified to

evaluate the proposed Joint Stipulation on behalf of the Plaintiffs.  Defendants' counsel are

also experienced wage and hour attorneys who are well-qualified to evaluate the proposed Joint

Stipulation on behalf of the Defendants. Working together, the Parties reached the framework for

a settlement, which has been approved by the Named Plaintiffs and the Defendants.  After

reaching that agreement, Counsel for Plaintiffs drafted and circulated the Joint Stipulation of

Settlement. That agreement has now been finalized and signed, and has been attached hereto as

Exhibit 1.

## IV.        APPROVAL OF THE SETTLEMENT IS APPROPRIATE

FLSA claims may be compromised, *inter alia*, (1) when the payment of unpaid wages by

the employer to the employee is supervised by the Secretary of Labor; and (2) when a district

court approves the settlement.  29 U.S.C. §216(b); *Lynn's Food Stores, Inc. v. United States*, 679

F.2d 1350, 1352 (11th Cir. 1982).  In detailing the circumstances justifying court approval of an

FLSA settlement in a litigation context, the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees
> under the FLSA for back wages because initiation of the action by the employees
> provides some assurance of an adversarial context.  The employees are likely to
> be represented by an attorney who can protect their rights under the statute.  Thus,
> when the parties submit a settlement to the court for approval, the settlement is
> more likely to reflect a reasonable compromise of disputed issues than a mere
> waiver of statutory rights brought by an employer's overreaching.  If a settlement
> in an employee FLSA suit does reflect a reasonable compromise over issues, such
> as FLSA coverage or computation of back wages that are actually in dispute, we
> allow the district court to approve the settlement in order to promote the policy of
> encouraging settlement of litigation.

1001299v.1

*Id.* at 1354.  Therefore, the Parties jointly move this Court to examine their proposed Settlement agreed to after arm's-length negotiations, to approve the proposed Settlement as fair and reasonable, and to enter the agreed-to Approval Order.

### A.   The Proposed Settlement Resolves a *Bona Fide* Dispute.

The Parties agree that the instant action involves disputed issues.  Numerous matters are currently in dispute, including whether Defendants were joint employers under the FLSA, whether Plaintiffs were properly paid in accordance with the "Waiting to be Engaged" and/or "Homeworkers" exceptions to the FLSA, and the amount owed to the Plaintiffs should liability be proven.  Counsel for the Parties have vigorously represented their respective clients over this dispute and others.  Now, the Parties desire to enter into the proposed Settlement.  The Settlement is fair and reasonable and ends the ongoing dispute between these parties without the need for a trial.

### B.   The Terms of Settlement are the Product of Arms-Length Negotiations

The Parties have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted appellate review.  As a consequence of their investigation and analyses, Plaintiffs' counsel has engaged in intensive arm's length negotiations with counsel for Defendants with a view to achieving settlement.

### C.   The Terms of the Proposed Settlement Were Negotiated After Discovery and Investigation

6

As stated above, the Parties have conducted substantial discovery, independent investigations of the facts and law throughout this action, and a thorough examination of Defendants' records. Further, counsel for Plaintiffs and Defendants have analyzed the applicable law as applied to the facts discovered regarding Plaintiffs' allegations, Defendants' defenses thereto, and the damages claimed by Plaintiffs.  The agreement to settle did not occur until the Parties had exchanged said extensive documentation and discovery was nearing completion. As a result, Counsel for the Parties believe they possess sufficient information to make an informed judgment regarding the likelihood of decertification, of success on the merits, and the results that could be obtained through further litigation.  Thus, prior to the negotiation of the instant settlement, this litigation had reached the stage where "the parties certainly [had] a clear view of the strengths and weaknesses of their cases." *Bonett v. Education Debt Services, Inc.*, 2003 WL 21658267 (E.D. Pa. May 9, 2003) (quoting *In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 745 (S.D.N.Y. 1985), *aff'd,* 798 F.2d 35 (2d Cir.1986)).

### D.    Continued Litigation would be Costly, Long and Complex

The fairness of the proposed Settlement is still more clearly appreciated when considered in light of Defendants' defenses and the possibility of Plaintiffs being unable to prove liability. Although Defendants have vigorously contested the allegations in this action to date and deny that they committed any wrongful action or violation of law, they believe nonetheless that further litigation with respect to Plaintiffs would be protracted, expensive, and contrary to their best interests.  The proposed Settlement is the product of serious, informed and non-collusive negotiations and Defendants have concluded that it is desirable that this action be settled in the manner and upon the terms and conditions set forth in the Joint Stipulation in order to avoid the

7

expense, inconvenience, and burden of further legal proceedings, and the uncertainties of continued motion practice and a potential trial and appeals.

Plaintiffs' Counsel recognizes the expense and length of a trial in this action against Defendants through possible appeals, which could take several years. They have also taken into account the time already invested in this case, the uncertain outcome and risk of litigation, especially in statutory actions such as this. Plaintiffs' Counsel believes that the Settlement set forth in the Joint Stipulation confers substantial immediate benefits upon Plaintiffs. In negotiating the Settlement, counsel had the benefit of broad, independently verified information regarding the Plaintiffs' claims. Based upon their evaluation, Named Plaintiffs and Plaintiffs' Counsel have determined that the Settlement is in the best interest of Plaintiffs.

Additionally, Plaintiffs' Counsel estimates that a trial of the FLSA claims would have lasted several days with the possibility that it could run longer depending upon the need for and length of expert testimony. The expense of such a trial and the use of judicial resources and the resources of the parties would have been substantial. Moreover, in light of the highly contested nature of liability and damages, if any, it is likely that any judgment entered would have been the subject of post-trial motions and appeals, further prolonging the litigation and reducing the value of any recovery. Thus, a settlement is advantageous to all concerned.

Settlements of disputes are favored in the law to bring finality and to conserve judicial resources. Settlement of wage and hour class and collective actions otherwise involving individual claims, such as the instant collective action under the FLSA, are particularly well suited for settlement. Thus, avoidance of this unnecessary expenditure of time and resources clearly benefits all parties.

### E.   The Proposed Settlement is Reasonable.

Here, the proposed Settlement represents a fair and reasonable compromise over the issues in dispute.  The proposed Settlement arises out of an action brought by the Plaintiffs against their current/former employers, which was adversarial in nature.  During the litigation and settlement of this action, Plaintiffs and Defendants were vigorously represented by counsel experienced in FLSA litigation.  After sufficient discovery, motion practice and ample investigation and analyses, all counsel agree that settlement is in their clients' best interests.  No fraud or collusion prevents the Court's approval of the proposed settlement.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (where the parties were not represented by counsel, there was no evidence that an attorney was consulted, and plaintiffs did not know they had any rights under the FLSA).  And, the Named Plaintiffs and Defendants have approved the settlement and agree that settlement is in their best interests.

Under the proposed method of distribution, in exchange for a release of all claims against Defendants, all Plaintiffs will receive their share of the settlement based on a formula agreed-upon, plus a fairly negotiated percentage of the recoverable liquidated damages set forth in the FLSA.  Plaintiffs De Ivory Smith and Marlie Trujillo will also receive a $1,000 Incentive Bonus to compensate them for their time spent actively engaged in this litigation. Finally, the Plaintiffs will receive an award of attorney's fees and costs to be set by the Court after both Parties have fully briefed the issue.  In light of the operative facts, the applicable law, and the inherent risks and expense of trial, this outcome is a fair and reasonable settlement that is in the best interest of both Parties.

### **Conclusion**

In sum, there has been an extensive investigation followed by lengthy, hard-fought negotiations, culminating with experienced counsel on both sides weighing the benefits and costs of the present settlement against the risks and rewards of future litigation. The Settlement occurred only after the Parties were able to properly and adequately assess its fairness. Accordingly, for the reasons stated herein, Plaintiffs and Defendants respectfully request that the Court grant approval of the collective action settlement, as set forth in the proposed Approval Order, on the terms set forth in the Joint Stipulation of Settlement.

Respectfully submitted,


/s/ *Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F:  (888) 988-6499
E: jjackson@jackson-law.net
    mjackson@jackson-law.net
Attorneys for Plaintiffs and the FLSA Collective
Action Plaintiffs


/s/*Loretta G. Mince*

Loretta G. Mince, 25796
Jeanette Donnelly, 33806
Rebecca Sha, 35317
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue
46th Floor
New Orleans, LA  70170
Telephone: 504.586.5252
Facsimile: 504.586.5250
lmince@fishmanhaygood.com
jdonnelly@fishmanhaygood.com
rsha@fishmanhaygood.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record this 8th day of February, 2016 via the Court's EF/CMF system.

*/s/ Mary Bubbett Jackson*

11

1001299v.1