UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DE IVORY SMITH, ET AL.                          CIVIL ACTION

VERSUS                                          NO. 14-2623

MANHATTAN MANAGEMENT COMPANY,                   SECTION "B"(2)
LLC, ET AL.

## ORDER AND REASONS

Before the Court are a "Joint Motion for Approval of Settlement" (Rec. Doc. 96) and "Plaintiffs' Motion to Set Attorneys' Fees and Costs" (Rec. Doc. 95). Defendants filed a "Memorandum in Opposition to Plaintiff's Motion to Set Attorneys' Fees and Costs" (Rec. Doc. 98) and Plaintiffs filed a "Reply Brief" (Rec. Doc. 99-2). For the reasons outlined below,

**IT IS ORDERED** that the Joint Motion for Approval of Settlement is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Set Attorney's Fees and Costs is **GRANTED IN PART** and **DENIED IN PART**.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This dispute arises out of a payment scheme used by the owners of the Forest Isles Apartment Complex located in the Algiers community of New Orleans, Louisiana. Rec. Doc. 27. Plaintiffs, residents/employees of the apartment complex, filed suit under the Fair Labor Standards Act ("FLSA"), claiming they were not properly paid overtime or minimum wage as mandated by the Act. Rec. Doc. 1

1

at 1. After significant discovery and motion practice, the parties reached a settlement agreement. Rec. Doc. 96. However, they were unable to agree on the appropriate amount of attorney's fees, thus submitting their positions to the Court for resolution.

Both parties agree that the lodestar method is the correct means for determining the appropriate amount of attorney's fees. Rec. Doc. 95-1 at 8, 98 at 7. Yet, Defendants contend that reductions to the amount of fees are required due to the degree of success obtained, counsel's block-billing practices, and counsel's failure to exercise billing judgment among other reasons. Rec Doc. 98 at 7-8. Plaintiffs counter that the lodestar amount is appropriate in light of the results obtained because Plaintiffs prevailed on all claims asserted and the settlement amount was not insignificant. Rec. Doc. 99-2 at 3-8. Finally, Plaintiffs aver that their billing techniques were proper and reasonable. Rec. Doc. 99-2 at 8-10.

## II.   **LAW AND ANALYSIS**

The Court will first address the suitability of the settlement agreement.

### a. The Joint Motion for Approval of Settlement

Employees with back wage claims under the FLSA have only two means to settle or compromise those claims: (1) supervision by the Secretary of Labor; or (2) approval by a district court in the form of a stipulated judgment. *Lynn's Food Stores, Inc. v. United*

2

*States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015). "When employees bring a private action for back wages under [section 216(b) of the FLSA], and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F. 2d at 1353. The purpose of this requirement is to ensure a reasonable compromise by preventing plaintiffs from submitting to one-sided settlements that functionally waive their FLSA rights. *See id.* at 1354. Factors used in reviewing class action settlements also prove useful in determining whether a FLSA settlement is fair and reasonable. *Silva v. Miller*, 547 F. Supp. 2d 1299, 1303 (S.D. Fla. 2008). Such factors include: the existence of fraud or collusion behind the settlement; the probability of Plaintiffs' success on the merits; the complexity, expense, and likely duration of the litigation; the stage of the proceedings and amount of discovery completed; and the range of possible recovery." *Id.* at 1303-04.

Here, the settlement agreement is a reasonable compromise in light of all relevant factors. The parties' agreement resolves a bona fide dispute and forecloses the possibility of further costly litigation. Moreover, the terms of the settlement compensate the plaintiffs for each shift and/or hour worked depending on their position. It also compensates the named plaintiffs for their time

involved in this litigation and provides for liquidated damages. The Court has received no indications of fraud or collusion driving this agreement. Further, significant discovery and motion practice preceded this agreement, indicating that the parties are able to make reasoned judgments on the likelihood of success on the merits. Although the dispatcher-plaintiffs, unlike the property monitors, did not receive compensation for each hour worked as initially requested, such a compromise seems reasonable considering the fact that the number of hours actually worked varied by shift. Accordingly, the Court finds that the Plaintiffs' combined recovery of $22,326.78 is a fair and reasonable settlement of the bona fide dispute.

### b. Motion to Set Attorney's Fees and Costs

Under the FLSA, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b). Plaintiffs seek $1,457.99 in costs and $51,500 in attorney's fees.

#### 1. Costs

Plaintiffs request costs totaling $1,457.99[1] as the prevailing party. *See Abner f. Kansas City S. Ry. Co.*, 541 F.3d 372, 379 (5th Cir. 2008) ("A prevailing party is a party who is 'successful on

---

[1] Plaintiffs claim to seek $1,458.99 in costs. Rec. Doc. 95-1 at 7. However, by the Court's calculations based on the itemized breakdown of costs expended, Plaintiffs actually seek $1,457.99.

any significant issue in litigation which achieves some of the benefit the party sought in bringing suit.'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Those costs consist of traditional costs outlined in 28 U.S.C. § 1920 as well as some out-of-pocket costs, including: $400 in filing fees, $105 in service costs, $22.40 in PACER costs, $89.49 in postage fees associated with sending out notice, $5.85 in costs incurred in skip tracing returned notice letters, $700 for the transcript of Nicole Borowski's deposition, and $135.25 in photocopying costs. Rec. Doc. 95-1 at 7.

While the United States Court of Appeals for the Fifth Circuit has not explicitly authorized out-of-pocket costs in the FLSA context, other circuits have approved of awarding reasonable out-of-pocket costs. *See, e.g., Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 969 (10th Cir. 2002) ("Under the FLSA, costs include reasonable out-of-pocket expenses"). Additionally, the Fifth Circuit has permitted such costs under other fee-shifting statues. *See, e.g., Mota v. Univ. of Tex. Houston Heal Sci. Ctr.*, 261 F.3d 512, 530 (5th Cir. 2001) (permitting an award of "reasonable out-of-pocket expenses" under Title VII). Although Defendants generally challenge the award of fees and costs as excessive, their brief focuses only on the unreasonableness of the attorney's fees sought and does not address the reasonableness of

costs. *See* Rec. Doc. 98. Accordingly, the Court finds an award of $1,457.99 in costs fair and reasonable.

### 2. Attorney's Fees

Plaintiffs urge the Court to award $51,500 in attorney's fees based upon 257.5 hours billed at a rate of $200 per hour. Defendants contend that the Court should reduce that amount for failure to exercise proper billing judgment and then adjust that award further downwards by seventy-eight percent based on Plaintiff's minimal degree of success. While Defendants request is over-zealous, a downward adjustment is warranted due to Plaintiffs' counsel's billing practices.

The Fifth Circuit uses the lodestar method for determining a reasonable amount of attorney's fees. *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). Under that method, the reasonable number of hours spent on the case is multiplied by an appropriate hourly rate in the community for such work. *Id.* Plaintiffs use a rate of $200 per hour. The Court finds that $200 per hour for FLSA work in the New Orleans community is indeed a reasonable rate. *See, e.g., Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 702 (E.D. La. June 25, 2009) (finding a rate of $225 per hour for associate work customary). That Defendants have not opposed the rates sought by Plaintiffs is further evidence of their reasonableness.

The primary issue is the hours reasonably expended on the litigation. The party seeking fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Louisiana. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (quoting *Hensley*, 461 U.S. at 437). The court should eliminate those hours that are excessive, duplicative, or too vague to permit meaningful review. *Big Lots*, 639 F. Supp. 2d at 702 (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *Louisiana Power & Light Co.*, 50 F.3d at 326). Also, "[w]hen using the lodestar method to award attorney fees, courts routinely deduct time spent on unsuccessful, unfounded or unnecessary pleadings, motions, discovery requests and memoranda." *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *11 (E.D. La. June 28, 2005). Additionally, attorneys should not bill at that same rate for the performance of clerical duties. Even if attorneys are required to complete certain clerical tasks due to a lack of available help, such non-legal work does not justify billing at an attorney's rate simply because it is completed by an attorney. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974), *abrogated on other grounds*. Finally, courts in this circuit have also taken to instituting percentage-based reductions in the attorney's hours for engaging in block-billing or for failure to exercise billing judgment. *See Fralick v. Plumbers and*

*Pipefitters Nat. Pension Fund*, No. 09-0752, 2011 WL 487754, at *3-4 (N.D. Tex. Feb. 11, 2011) (reducing attorney's fees under the lodestar method in the context of ERISA). To show billing judgment, a party must adequately document "the hours charged and [those] written off as unproductive, excessive, or redundant." *Saizan*, 448 F.3d at 799.

Here, the Court must reduce the number of hours claimed by Plaintiffs' counsel. First, the Court finds it necessary to eliminate 14.4 hours as overly vague or duplicative.[2] While Plaintiffs' counsel maintain that the allegedly duplicative entries are simply a result of the two attorneys working in a complimentary manner, that allegation is not adequately reflected in their billing statement as it appears in certain instances that they are double-charging for the exact same work. The Court also finds it necessary to eliminate the hours spent on Plaintiffs' motions to compel and motion for summary judgment because the motions were unfounded and unnecessary.[3] Accordingly, the Court

---

[2] The Court finds the following entries duplicative: 11/17/14, JFJ for 0.1; 12/23/14, JFJ for 0.4; 4/14/15, JFJ for 0.6; 4/28/15, JFJ for 0.8; 5/1/15, MBJ for 0.8; 5/18/15, JFJ for 0.2; 6/2/15, MBJ for 0.6; 10/16/15, JFJ for 0.8; and 1/7/16, MBJ for 3.1. The Court finds the following entries too vague for meaningful review: 7/7/15, MBJ for 0.8; 7/14/15, MBJ for 0.8; 7/15/15, MBJ for 0.3; 8/24/15, MBJ for 0.6; 10/27/15, MBJ for 1.2; 11/25/15, MBJ for 0.8; and 11/30/15, MBJ for 2.5. Rec. Doc. 95-3 at 1-8.

[3] Plaintiffs' first motion to compel was dismissed without prejudice because it was unclear to the Magistrate Judge whether Plaintiffs had complied with their obligations under Federal Rule of Civil Procedure 37(a)(1). Rec. Doc. 53. Similarly, Plaintiffs eventually withdrew their second motion to compel after receiving the needed documents from Defendants without the need for judicial intervention. Rec. Docs. 73, 75. Finally, Plaintiff's motion for partial summary judgment was denied in its entirety. Rec. Doc. 83. Plaintiff's motion was founded upon the argument that certain prerequisites to Defendants affirmative

will deduct an additional 26.3 hours from those claimed.[4] Those reductions bring the total amount of hours down from 257.5 to 216.8.

Defendants also urge the Court to reduce the amount of attorney's fees requested because of a lack of billing judgment and Plaintiffs' counsel's habit of block-billing. It is not clear from Plaintiffs' motion that they wrote off any time as unproductive or redundant. Plaintiffs' counsel also make no effort, outside of conclusory statements that their hours are reasonable, to convince the Court that they exercised billing judgment. However, Plaintiffs' counsel did not engage in block-billing. While some entries cover multiple tasks, counsel did not enter "the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Fralick*, 2011 WL 487754 at *4. In fact, they had numerous entries per day covering numerous tasks. Accordingly, the Court sees only the need to apply a reduction of 10% for counsel's failure to demonstrate billing judgment. This reduction is in line with reductions that other courts have implemented for failure to exercise billing judgment.

---

defenses barred their reliance on those exceptions to the FLSA. However, as the Court noted in its Order and Reasons, that argument had no legal basis. Rec. Doc. 83 at 9.

[4] Those entries relating to the motions to compel are: 8/4/15, MBJ for 3.1; 8/4/15, JFJ for 0.4; 8/17/15, MBJ for 2.0; 10/9/15, MBJ for 0.6; 10/12/15, MBJ for 1.6; 11/3/15, MBJ for 1.2; and 11/3/15, JFJ for 0.5. The following entries relate to the motion for partial summary judgment: 10/29/15, MBJ for 2.0; 11/3/15, MBJ for 7.7; 11/3/15, JFJ for 1.9; 11/25/15, MBJ for 1.8; 11/30/15, MBJ for 3.2; and 12/1/15, JFJ for 0.3. Rec. Doc. 95-3 at 1-8.

*See id.* (applying a 10% reduction of the overall fee request while also making other task-specific reductions for excessive hours); *Saizan*, 448 F.3d at 800 (affirming the District Court's decision to apply a 10% reduction for failure to provide evidence of billing judgment). That reduction brings the total amount of reasonable hours down to 195.12.

Finally, the Court also finds it necessary to reduce the amount of attorney's fees due to Plaintiffs' counsel's repeated billing for clerical duties. While they may bill for such work, it should not be billed at an attorney's rate. The Court finds that the attorneys billed for 20.4 hours of clerical work,[5] which should be billed at a reasonable clerical billing rate of $75 per hour rather than the $200-per-hour attorney rate. *See Big Lots*, 639 F. Supp. 2d at 702 (approving a rate of $75 per hour for clerical work done by paralegals). Consequently, Plaintiffs are due $1,530 for those clerical duties. The remaining number of reasonable attorneys' hours after subtraction of the clerical hours is 174.72.

---

[5] Those entries deemed to include clerical work are: 10/4/14, JFJ for 0.6; 2/20/15, MBJ for 0.5; 2/23/15, MBJ for 0.1; 4/18/15, JFJ for 0.6; 4/22/15, JFJ for 0.3; 5/4/15, MBJ for 1.3; 6/1/15, JFJ for 1.0; 6/7/15, JFJ for 0.2; 6/8/15, JFJ for 0.2; 6/9/15, JFJ for 0.4; 6/10/15, MBJ for 0.8; 6/16/15, MBJ for 0.2; 7/8/15, MBJ for 0.5; 7/21/15, JFJ for 2.3; 8/11/15, JFJ for 0.4; 8/18/15, MBJ for 0.6; 8/18/15, JFJ for 2.3; 8/20/15, JFJ for 0.2 (send client order); 8/28/15, JFJ for 0.1; 9/2/15, JFJ for 0.9; 9/23/15, JFJ for 0.6; 9/24/15, JFJ for 0.2; 10/1/15, JFJ for 0.2; 10/4/15, JFJ for 0.8; 10/4/15, JFJ for 0.1; 10/15/15, JFJ for 0.1; 10/15/15, JFJ for 2.2; 11/5/15, MBJ for 0.3; 11/11/15, JFJ for 0.2; 11/16/16, JFJ for 0.2 (research Vescom); 11/19/15, JFJ for 0.5; 11/19/19, JFJ for 0.5; 11/20/15, JFJ for 0.4; 11/25/15, JFJ for 0.1 (arrange court reporter); 11/25/15, JFJ for 0.2; and 1/12/16, MBJ for 0.3. Rec. Doc. 95-3 at 1-8.

Multiplying the reasonable attorneys' hours by the reasonable attorney rate of $200 per hour leaves $34,944 in attorney's fees. Accordingly, the total lodestar amount in this case is $36,474 (attorneys' fees plus clerical fees).

Contrary to Defendants' assertions, the Court sees no need to further reduce that lodestar amount based on the degree of success obtained or the factors outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[6] *See* Rec. Doc. 98 at 8. While Plaintiffs certainly did not receive everything they initially requested, the settlement compensates each property monitor at the rate requested in the original complaint. *See* Rec. Docs. 1 at 15; 96 at 4. Additionally, all Plaintiffs received liquidated damages. *See* Rec. Doc. 96 at 4. Plaintiffs achieved a significant-enough degree of success in relation to the lodestar amount so as to avoid further reductions. *See Saizan*, 448 F.3d at 802 (acknowledging that it is not unusual for the amount of attorney's fees awarded to be greater than the amount of damages recovered and that there is no "*per se* proportionality rule"). Finally, neither party presents evidence showing that any of the

---

[6] Those factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson* factors militate in favor of further increase or decrease of the lodestar amount.

**III.  <u>CONCLUSION</u>**

For the reasons discussed above,

   **IT IS ORDERED** that the Motion for Approval of Settlement is **GRANTED.**

   **IT IS FURTHER ORDERED** that the Motion to Set Attorney's Fees and Costs is **GRANTED IN PART** and **DENIED IN PART.** Plaintiffs shall be awarded fees and costs, though a lower amount than requested. Based on the calculations outlined above, Plaintiffs are due **$37,931.99** in costs and fees.

   New Orleans, Louisiana, this 10th day of March, 2016.


_____
UNITED STATES DISTRICT JUDGE